Johnson v. Jones.

---

CHARLES P. JOHNSON et al., Respondents, v. GEORGE W. JONES et al., Appellants.

St. Louis Court of Appeals, December 12, 1899.

1. Election: CONSTRUCTION, ACT MARCH 5, 1897: NOMINATING CANDIDATES BY PRIMARY. Under section 4796g of Act, approved March 5, 1897, any twenty qualified voters of a ward, members of the political party ordering a primary election, may by petition in writing and on deposit of ten dollars with the board of election commissioners, have placed on the ballots for the primary, the names of delegates to be voted for at such election.

2. ———: ———: BUT ONE SET OF DELEGATES. Can twenty qualified voters of the party calling the convention nominate a delegation to-day, and to-morrow can twenty other qualified voters of the same party, precinct and ward, nominate a delegation in the same manner, the same persons being on each delegation, and must the board of election commissioners recognize both nominations and give each the privilege of presenting the names of five persons from whom the board must select judges and clerks of the election? Held, under the Act of 1897, that when the first petition was presented and the necessary deposit made, and the delegation mentioned therein was recognized by the board of election commissioners, such delegation was duly nominated, and each member thereof lawfully entitled to have his name printed on the ballots to be voted for at the primary and no further additional petition seeking to nominate and "Independent Delegation" could better or make more complete the first petition, and nothing by the second petition was added whatever to the first, it being a nullity.

3. ———: ———: ———: INJUNCTION. A temporary writ of injunction issued by the lower court enjoining the election commissioners from recognizing the "Independent Delegation" under the pleadings and agreed statement of facts submitted by the parties to the court, was properly issued and its judgment with respect thereto is accordingly affirmed.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*B. Schnurmacher* and *Charles Claflin Allen* for appellants.

A part or all of the same names may lawfully appear upon two or more tickets as delegates; (a) The right of different persons or political parties to nominate the same candidate or candidates has been established from time immemorial.    State ex inf. v. Bland, 144 Mo. 534; (b) The persons constituting the "delegation" at a primary election correspond to the candidates at a general election; (c) Any twenty qualified voters of the ward have a right under the law to have placed upon the ballot such delegation as they may select, whether or not a part or all of the same delegation has been named by twenty other qualified voters.    Act of 1897, sec. 4796g.

Respondent filed no brief.

BLAND, P. J.—Omitting caption, the petition is as follows:    "The plaintiffs come now and state that they and each of them are and were at the times hereinafter mentioned qualified voters of the 28th ward of the city of St. Louis, state of Missouri, and all of them are members of the democratic party of the city of St. Louis and state of Missouri; that the democratic party is a political party which at the last general election held in said city of St. Louis polled at least one-fourth of the total vote of said election.

"That the defendants constitute the board of election commissioners of said city of St. Louis, appointed and acting under the provisions of an Act of the general assembly of the state of Missouri, creating said board of election commissioners, and that defendant Jones is chairman of said board of

election commissioners; that said Saunders is secretary thereof, and that said Brady is a member of said board; that by an Act of the general assembly of the state of Missouri, governing primary elections held in said city, which Act was approved March 5, 1897, provides among other things as follows:

" 'The board of election commissioners in such city, upon notification of the managing and controlling committee of said political party then mentioned shall cause a notice to be published in at least one newspaper, representing such political party, at least five days before the date fixed for holding of such primary election, stating the object of the election, and giving the polling places and names of the judges and clerks of such election.

" 'That said board of election commissioners are required to divide each ward into two districts, including about an equal number of registered voters, for the purpose of such primary election, except in wards containing six thousand or more registered voters, in which event they shall have three districts, and shall locate a polling place in each district, as in their judgment may be most convenient to the largest number of voters therein.

" 'That by section 4796c each delegation may submit to the board of election commissioners a list of five names for each designated polling place, from which lists it shall be the duty of said commissioners to select two judges and one clerk to act at the ensuing primary election; provided, when there are three or more delegations not more than one judge or clerk shall be selected from said lists.

" 'And by section 4796d each delegation, on application to the board of election commissioners, may have a watcher commissioned to enter the polls at each voting place and remain there to witness such election from the opening of the polls to the end of the count. Such watcher may challenge any voter who is not qualified under the provisions of this act to vote at said primary election.

" 'And by section 4796l it is provided in all primary elections the general election laws not in conflict with this act shall control, and the board of election commissioners shall so formulate their instructions to the judges and clerks as to insure a fair election and to prevent fraud.

" 'That by section 4796g any number of qualified voters of the ward, not less than twenty, who will certify in writing that they are members of the political party ordering the primary election, may by petition and by deposit of ten dollars for each district, have placed upon the ballot the delegation selected by them.'

"That heretofore, to wit, on or about the twelfth day of March, 1898, the managing committee of the democratic state central committee of Missouri called a convention of delegates representing the Democrats of the various legislative districts outside of the city of St. Louis, and the wards of the city of St. Louis, for the purpose of nominating candidates of the democratic party of the state, at the ensuing state election, for two supreme judges and for a railroad and warehouse commissioner, and for superintendent of public instruction, and also for the election of a chairman of the democratic state central committee, and two members of said committee for each congressional district of the city; said convention being called to meet at the city of Springfield, Missouri, on Wednesday, the tenth day of August, 1898.

"That Honorable Leroy B. Valliant and Honorable William C. Marshall are opposing candidates for the democratic nomination for supreme judge at said convention.

"And thereafter the executive committee of the St. Louis democratic central committee, representing the democratic party of the city of St. Louis, issued their call to hold a primary election under the laws of this state, in the various wards of the city of St. Louis, for the purpose of electing delegates to said democratic convention, which primary election was set for the sixteenth day of May, 1898.

"And that said primary election will be held on the said sixteenth day of May, 1898; that the 28th ward of the city of St. Louis is a ward of said city, containing six thousand registered voters or more, and was by said board of election commissioners divided into three districts for the purpose of said primary election; that on Saturday, the seventh day of May, 1898, more than twenty qualified voters of the said 28th ward of said city certified in writing to the said board of election commissioners that they were members of said democratic party, and deposited with said board of election commissioners ten dollars for each district into which said board of election commissioners had divided said ward for primary election, to wit, the sum of thirty dollars, and filed with and delivered to said board of election commissioners, their petition signed by them, and each of them, to have placed upon the ballot for said election, printed and delivered by said board of election commissioners, the delegation selected by them and set out in said petition, under the caption of 'Valliant Democratic Delegation,' which delegation was composed of the plaintiffs herein, who intend to support the candidacy of Honorable Leroy B. Valliant; that said 28th ward will be entitled to five delegates in said convention; that afterwards upon the same day twenty other citizens of said 28th ward certified in writing to said board of election commissioners that they were members of said democratic party, and also deposited with said board of election commissioners ten dollars for each district into which said board of election commissioners had divided said ward for primary election, and filed with and delivered to said board of election commissioners their petition, signed by them, to have placed upon the ballot for said election, printed and delivered by said board of election commissioners, the delegation selected by them, and set out in said petition under the caption of 'Regular Marshall Delegation,' which delegation is as follows:

" 'Walter B. Woodward, Henry L. Edmunds, John L. Duffy, William M. Culp and John J. Lavin; that said delegation, and all members thereof, are supporters of the Honorable William C. Marshall, for the nomination for supreme judge before said convention.

" 'And that twenty other citizens, qualified voters of said 28th ward, certified in writing, to said board of election commissioners that they were members of said democratic party, and deposited with said board of election commissioners, ten dollars for each district into which said board of election commissioners had divided said ward for primary election, to wit, the sum of thirty dollars, and filed with and delivered to said board of election commissioners their petition, signed by them and each of them, to have placed upon the ballot for said election, printed and delivered by said board of election commissioners, a delegation selected by them and set out in said petition under the caption of "Independent Delegation," which last mentioned delegation was identical with that named under the regular "Marshall Delegation," to wit, Walter B. Woodward, Henry L. Edmunds, John L. Duffy, William M. Culp and John J. Lavin.'

"Plaintiffs say that the last named delegation intend to support Judge Marshall whether they are selected on the one ticket or the other, and have so announced; that the designation of them as an independent delegation is a sham and a fraud.

"Your petitioners say that thereafter, to wit, on the ninth day of May, 1898, they presented to said board of election commissioners a written protest against said duplicate delegation, and sought to have said commissioners rule and hold that said Woodward, Edmunds, Duffy, Culp and Lavin, were only entitled to the rights of one delegation.

"That after hearing the said protest and the reasons for presenting the same, the said board of election commissioners

overruled the same and announced to the plaintiffs that they would permit said regular 'Marshall Delegation' and said so-called 'Independent Delegation,' composed of identically the same persons as said regular 'Marshall Delegation,' the right to be represented in said primary election by one judge, one clerk each, so that said delegation consisting of said Woodward, Edmunds, Duffy, Culp and Lavin would have representing them in said election two judges, two clerks and two watchmen instead of one, as required by law.

"Plaintiffs say that it is provided by said Act of 1897 that said board of election commissioners shall so conduct said primary election as to insure a fair election and to prevent fraud, and that it is the intention of said Act that no advantage shall be given to any one delegation over another in their representation at the polls by judges, clerks and watchmen. But, notwithstanding this fact, the said board of election commissioners have announced their intention, and will, unless restrained by an order from this honorable court, give the said Woodward, Edmunds, Duffy, Culp and Lavin two judges, two clerks and two watchmen as representatives instead of the number required by law.

"That it has become and now is the duty of said board of election commissioners to appoint solely from the ten names presented by the Marshall and Valliant delegations, two judges and one clerk for each polling place in said 28th ward of the city of St. Louis, that is three officers in all and no more. But notwithstanding that fact said board of election commissioners have announced that they will appoint and have appointed, two judges and two clerks in each of said polling places from the lists submitted on behalf of said Woodward, Edmunds, Duffy, Culp and Lavin, and one judge and one clerk from the list submitted by plaintiffs, or a total of six officers, whereas under the law, only three should be appointed.

"Your petitioners say that the filing of said duplicate delegations under different captions is an evident attempt to

give said 'Marshall Delegation,' and the same under the name of the 'Independent Delegation,' two judges and two clerks as against one of said 'Valliant Delegation,' and is contrary to law and an injustice to plaintiffs, and a fraud upon their rights; that the defendants by treating the same individuals twice named as two delegations, carry into execution said fraudulent and unlawful design.

"Your petitioners state that said board of election commissioners will carry out their arbitrary and illegal intentions unless this court shall issue an injunction to prevent them from so doing.

"They further state that they were remediless in the premises by or through ordinary process or proceeding of law, and they, therefore, pray this honorable court to enjoin and restrain the said Jones, Saunders and Brady, being the board of election commissioners as aforesaid, from appointing judges and clerks for said duplicate independent delegation; and that they be commanded and directed to select and appoint one judge from the list submitted by petitioners, and one judge from the list first filed by said Woodward, Edmunds, Duffy, Culp and Lavin, and one clerk from the ten names so submitted by petitioners and the first list submitted by Woodward, Edmunds, Duffy, Culp and Lavin; that the said commissioners be enjoined and restrained from printing or placing on the ballot to be prepared by them, two list of delegates containing the names of Woodward, Edmunds, Duffy, Culp and Lavin under two different captions; that they be enjoined and restrained from printing and publishing said names under any other caption than that first filed by them; that they, the said commissioners, be commanded and directed and required to select and re-select the judges and clerks of said election, disregarding entirely the list of names last filed by the delegation composed of Woodward, Edmunds, Duffy, Culp and Lavin. And for such other and further relief as to the court may seem proper."

To this petition defendants filed the following reply:

"Now come defendants and for answer to the petition of plaintiffs admit that they compose the board of election commissioners of the city of St. Louis, and that they are duly qualified and acting as such commissioners as in the petition is set forth.

"Further answering said petition, defendants deny each and every allegation thereof, excepting such allegations as are hereinafter specifically admitted.

"And for further answer these defendants state that under the provisions of an Act of the general assembly of the state of Missouri, concerning primary elections held in the city of St. Louis, approved March 5, 1897, it is provided by section 4796g, that any number of qualified voters of a ward, not less than twenty, who will certify in writing, that they are members of the political party ordering the primary election, may by petition, and by a deposit of ten dollars for each district, have placed upon the ballots a delegation selected by them; that by section 4796c it is provided that each delegation may submit to the board of election commissioners a list of five names for each designated polling place, from which lists it shall be the duty of said commissioners to select two judges and one clerk to act at the ensuing primary election, provided that if there are three or more delegations no more than one clerk or judge shall be selected from any one delegation.

"Further answering defendants say that on or about the twelfth day of March, 1898, the managing committee of the democratic state central committee of Missouri called a convention of delegates representing the Democrats of the various legislative districts outside of the city of St. Louis and of the wards of the city of St. Louis, for the purpose of nominating candidates of said party at the coming state election for certain state offices, among them two judges of the supreme court, the said convention being called to meet

at the city of Springfield, Missouri, on the tenth day of August, 1898; that thereafter the executive committee of the St. Louis democratic central committee, representing said democratic party in the city of St. Louis, issued their call to hold a primary election under the laws of the state of Missouri, in the various wards of said city, for the purpose of electing delegates to said state democratic convention, which primary election was set for the sixteenth day of May, 1898, all pursuant to notice published by defendants, composing said board of election commissioners, upon notification of said St. Louis democratic central committee; that the said 28th ward was divided into three districts by defendants for the purpose of said primary, pursuant to section 4796b of said Act of the general assembly.

"Further answering these defendants state that at least twenty qualified voters of the 28th ward aforesaid, did certify in writing to defendants, constituting the board aforesaid, that they were members of the democratic party, and did request of defendants that they place upon the ballots for said election a delegation selected by them and set out in their request and petition, under the caption of 'Valliant Democratic Delegation,' which delegation was composed of the plaintiffs to this cause; that thereafter, and on the same day, at least twenty other qualified voters of said 28th ward did certify in writing to defendants that they were also members of said democratic party, and did file with and deliver to defendants constituting the board aforesaid, a petition signed by them to have placed upon the ballots for said primary election a delegation selected by them and set out in their said request and petition, under the caption of 'Regular Marshall Delegation,' said delegation being composed as follows: Walter B. Woodward, Henry L. Edmunds, John L. Duffy, Wm. M. Culp and John J. Lavin; that thereafter and on the same day, twenty other qualified voters of said 28th ward did certify in writing to defendants, constituting the board aforesaid, that

they were also members of the democratic party and did file with and deliver to defendants their petition by them signed, to have placed upon the ballots for said primary election a delegation selected by them in their petition set out, under the caption of 'Independent Delegation,' which said delegation was composed as follows: Walter B. Woodward, Henry L. Edmunds, John L. Duffy, Wm. M. Culp and John J. Lavin.

"And defendants state that said three petitions having been accompanied by the proper deposits required at law, all being in due and proper form, these defendants did propose to place upon the ballots printed by them for the said primary election, the names of said three delegations under the captions aforesaid, to wit: 'Valliant Democratic Delegation,' 'Regular Marshall Delegation' and 'Independent Delegation,' and did so announce and would so have done but for the temporary injunction heretofore granted herein these defendants having no option other than to print upon the ballots prepared by them the names of such delegations as are filed with them, when certified to by any twenty qualified and registered voters of a ward.

"And defendants state that by section 4796c it is made the duty of these defendants to select two judges and one clerk to act at such primary elections from each list of five names for each designated polling place, which list, by the terms of said section, may be submitted to the board of election commissioners by each delegation; provided, however, that when there are three or more delegations, not more than one judge or clerk is to be selected from the list of any one delegation.

"And defendants state that each of the three delegations aforesaid having submitted to defendants a list of five names for each designated polling place in said 28th ward, these defendants proposed and did announce that they proposed to select from each of said lists one judge and one clerk for each

of said polling places, and that they would so have done except for the temporary injunction heretofore granted herein.

"Wherefore, having fully answered, defendants pray to be hence discharged."

On the hearing the following agreed statement of facts was filed: "Plaintiffs may be regarded as having offered evidence tending to show that the delegation referred to in the pleadings as the 'Regular Marshall Delegation' and the 'Independent Delegation' proposed, if elected to the convention referred to in the pleadings, to vote for Hon. Wm. C. Marshall as a candidate, to be nominated for the office of supreme judge. It is admitted that Hon. Leroy B. Valliant and the Hon. William C. Marshall were opposing candidates for the democratic nomination for the office of supreme judge at such convention. It is also admitted that the persons composing the 'Regular Marshall Delegation' and the 'Independent Delegation' were the same in person as well as in name; that is, that they were the same identical persons."

On the pleadings and agreement of facts, the court perpetually enjoined the defendants from recognizing the "Independent Delegation." From this decree defendants appealed.

Appellants insist that any twenty qualified voters of a ward, who are members of the political party which has ordered a primary election, under the provisions of the Act of 1897 may by petition in writing and on deposit of ten dollars with the board of election commissioners, have placed on the ballots for the primary election a delegation selected by them. This proposition is unquestionably true, but it is not the question in this case. The question here is, may twenty qualified voters of the party calling the convention so nominate a delegation to day, and may twenty other qualified voters of the same party, precinct and ward, nominate to-morrow in the same manner, as did the petitioners to day, the same persons as a delegation, and must the board of election commissioners recognize both nominations, and give both

the privilege of presenting the names of five persons from whom the board must select judges and clerks of the election? In our opinion this can not be done under the Act of 1897. When the first petition was presented and the deposit of $10 made, and the delegation was recognized by the board of election commissioners, the delegation was duly nominated, and each member of the delegation was lawfully entitled to have his name printed on the ballots to be voted at the primary election. No future or additional petition could add one iota to this right. It was made full and complete by the first petition; the second added nothing whatever to it; it (the second petition), was a work of supererogation and accomplished nothing, and should have been rejected by the board of election commissioners. Wherefore the judgment is affirmed. All concur.